HELVERING, COMMISSIONER OF INTERNAL
REVENUE, v. WATTS.[*]

No. 184. Argued November 20, 1935.—Decided December 16, 1935.

*Mr. J. Louis Monarch,* with whom *Solicitor General
Reed, Assistant Attorney General Wideman,* and *Messrs.
James W. Morris* and *Sewall Key* were on the brief, for
petitioner.

*Mr. Samuel Seabury,* with whom *Messrs. John F. Mc-
Cabe, James P. Quigley,* and *Robert J. Heberle* were on
the brief, for respondents.

[*] Together with No. 185, *Helvering, Commissioner of Internal
Revenue,* v. *Sicard,* and No. 186, *Helvering, Commissioner of In-
ternal Revenue,* v. *Sloane,* both on writs of certiorari to the Circuit
Court of Appeals for the Second Circuit.

By leave of Court, *Mr. Edward H. Green* filed a brief as *amicus curiae,* supporting the contentions of respondents.

Mr. Justice McReynolds delivered the opinion of the Court.

These causes involved deficiency assessments for income tax against the three respondents for the year 1924.

They were the sole stockholders of United States Ferro Alloys Corporation—herein Ferro Alloys—and the causes, alike in all essential particulars, were dealt with below in one opinion.

The respondents maintain that they exchanged all stock of Ferro Alloys for shares of Vanadium Corporation of America and bonds of Ferro Alloys guaranteed by Vanadium; that these two corporations were parties to a reorganization, and that under § 203 (b) (2), Revenue Act, 1924, no taxable gain resulted. The Commissioner insists that the transaction was a sale of all the stock of the Ferro Alloys and therefore taxable gain resulted. The applicable statutory provision is § 203, Revenue Act, 1924, the pertinent parts of which are in the margin of the opinion in *Helvering* v. *Minnesota Tea Co., ante,* p. 378.

In December, 1924, respondents owned all the stock of Ferro Alloys Corporation. They exchanged this with the Vanadium Corporation for stock of the latter valued at $30 per share and for $1,161,184.50 mortgage bonds of Ferro Alloys guaranteed by Vanadium. Ferro Alloys continued to conduct business until its dissolution in 1928. Article 1574 of Treasury Regulations 65 provided that under the Act of 1924 no gain or loss shall be recognized to the shareholders from the exchange of stock made in connection with the reorganization, if two or more corporations reorganize, for example, by either the sale of the stock of B to A, or the acquisition by A of a majority of the total number of shares of all other classes of stock of B.

The transaction here involved is within the description of reorganization recognized by the Treasury Regulation above quoted. And if the regulation can be taken as properly interpreting the statute, the challenged judgment must be affirmed.

The court below recites the history of the Treasury Regulation above quoted and concludes that, in view of the reënactment of the paragraph to which it refers without change, Congress intended to approve the regulation as written.

The Commissioner here maintains that the definition of reorganization found in § 203 (h) (1) (A), Revenue Act, 1924, should be limited to transactions which partake of the nature of mergers or consolidations and that here the Vanadium merely made an investment in Ferro Alloys stock and obtained only the rights of a stockholder therein. It is also urged that an exchange of stocks for bonds results in a substantial change of position and that such bonds are " other property" within the meaning of the statute and as such subject to tax. Much of the argument presented is the same as the one considered in the *Minnesota Tea Company* case, and it need not be again followed in detail. The bonds, we think, were securities within the definition and cannot be regarded as cash, as were the short term notes referred to in *Pinellas Ice Co.* v. *Commissioner*, 287 U. S. 462.

The judgment of the court below must be

*Affirmed.*