H. B. LEARY, SR., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

MYRA L. LEARY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 76845, 76846. Promulgated October 22, 1936.

*Thomas M. Wilkins, Esq.*, for the petitioners.
*R. P. Hertzog, Esq.*, for the respondent.
*Homer Hendricks, Esq.*, filed brief as *amicus curiae*.

OPINION.

MURDOCK: The Commissioner determined the following deficiencies in the petitioners' income tax for 1931:

| Petitioner | Docket No. | Deficiency |
| --- | --- | --- |
| H. B. Leary, Sr. | 76845 | $7,977.39 |
| Myra L. Leary | 76846 | 384.72 |

Two issues are submitted for decision by the Board—first, whether the exchange by the petitioners of stock of the General Baking Corporation of Maryland for stock of the General Baking Co. of New York was a nontaxable exchange or a taxable distribution in liquidation of the Maryland corporation, and, second, whether cash equal to 50 cents a share on the common stock of the New York Co., which they received from the New York company was taxable as an ordinary dividend or as a liquidating dividend. The Commissioner has held that each transaction was a liquidating dividend distributed by the Maryland corporation, taxable under section 115 (c) of the Revenue Act of 1928. The facts have been stipulated. A brief statement of them will suffice for present purposes.

The petitioners are individuals. They owned common and preferred stock of the General Baking Corporation at the beginning of 1931. The General Baking Corporation (hereafter referred to as the Maryland corporation) was a corporation organized in 1925 under the laws of Maryland to hold the common stock of the General Baking Co. (hereafter referred to as the New York company). The latter was organized in 1911 under the laws of New York to own and operate a large number of baking plants located in various places in the United States. The Maryland corporation held practically all of the common stock of the New York company in the early part of 1931. Those in charge of the two corporations decided to eliminate the Maryland corporation and have the common stock of the New York company held directly by the former stockholders of the Maryland corporation. Plans for the change were made, agreed to, and carried out. The Maryland corporation transferred substantially all of its assets, including its principal asset, the common stock of the New York company, to the New York company. The stockholders of the Maryland corporation, including these petitioners, surrendered their stock in the Maryland corporation and received in exchange stock of the New York company, bonds of the New York company, and a small amount of cash. The Maryland corporation was dissolved and the New York company continued to conduct its baking business, as formerly. These things were all done pursuant to the plan. After the former stockholders of the Maryland corporation had received the stock of the New York company they were in control of that corporation, i. e., they owned at least 80 per centum of the voting stock and there was no other class of stock of the New York company then outstanding.

The petitioners contend that they exchanged their stock in the Maryland corporation for stock and securities of the New York company and cash in pursuance of a plan of reorganization to which both corporations were parties and, therefore, their gains are taxable only

to the extent of the cash received. Sec. 112 (b) (3) and (c) (1), Revenue Act of 1928. Their contention is clearly right if there was a reorganization to which both corporations were parties. The principal difference between the parties arises over the question of whether there was a reorganization within the meaning of the statute.

A reorganization is defined in section 112 (i) (1) as follows:

(i) *Definition of reorganization.*—As used in this section and sections 113 and 115—

(1) The term "reorganization" means (A) a merger or consolidation (including the acquisition by one corporation of at least a majority of the voting stock and at least a majority of the total number of shares of all other classes of stock of another corporation, or substantially all the properties of another corporation), or (B) a transfer by a corporation of all or a part of its assets to another corporation if immediately after the transfer the transferor or its stockholders or both are in control of the corporation to which the assets are transferred, or (C) a recapitalization, or (D) a mere change in identity, form, or place of organization, however effected.

The petitioners argue that there was a reorganization within the meaning of (A), (B), and (D). Although there was no statutory merger or consolidation, the New York company did acquire substantially all of the properties of the Maryland corporation. It immediately reissued its own stock, but that seems to be relatively unimportant. The result of these transfers was not unlike a merger of the Maryland corporation into the New York company. The interest of the Maryland corporation stockholders in the business persisted with but slight diminution. Thus there was a reorganization within the meaning of (A). But if there is any doubt about the application of (A), then it seems clear that (B) applies. There was a transfer by the Maryland corporation of all or a part of its assets to the New York company and immediately after the transfer the stockholders of the transferor were in control of the New York company. Discussion of (D) is unnecessary. Cf. *Pinellas Ice & Cold Storage Co.* v. *Commissioner*, 287 U. S. 462; *Helvering* v. *Minnesota Tea Co.*, 296 U. S. 378; *Helvering* v. *Watts*, 296 U. S. 387; *Cortland Specialty Co.* v. *Commissioner*, 60 Fed. (2d) 937; *C. H. Mead Coal Co.* v. *Commissioner*, 72 Fed. (2d) 22; *Helvering* v. *Winston Brothers Co.*, 76 Fed. (2d) 381, affirming 29 B. T. A. 905.

The dividend of 50 cents a share was declared and paid by the New York company on its own stock to its own stockholders. That company was not liquidating. The dividend was not a liquidating dividend. The company had accumulated earnings sufficient to pay the dividend. The distribution was taxable as an ordinary dividend when received by these petitioners.

Reviewed by the Board.

*Decision will be entered under Rule 50.*

TURNER dissents.