ISIDOR KAHN, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

ROSA SCHLESINGER, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

MAX EINHORN, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

LEONORA KAHN, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

BELLA KAHN, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 73891, 73892, 73893, 73894, 73895. Promulgated November 26, 1937.

*Henry Waldman, Esq.*, for the petitioners.
*J. E. Marshall, Esq.*, and *T. G. Histon, Esq.*, for the respondent.

OPINION.

DISNEY: The following deficiencies in income tax for 1929, the subject of redetermination herein, resulted, in part, from a ruling of

the respondent that there was a liquidation of the Vulcan Insurance Co., and not a nontaxable reorganization as contended by the petitioners.

| Docket No. | Deficiency |
|---|---|
| 73891 | $15,181.33 |
| 73892 | 215.51 |
| 73893 | 3,765.63 |
| 73894 | 33,664.76 |
| 73895 | 341.01 |

Which of these theories is correct is the sole question presented for decision. All of the facts were stipulated and only so much thereof is set forth as is necessary for consideration of the problem.

The Vulcan Insurance Co. was a New York corporation engaged in the fire insurance business, with a capital stock of 2,000 shares of common stock of the par value of $200,000. The stock was owned by members of one family group which included the petitioners.

The Vulcan Insurance Co. owned all of the 2,500 shares of common stock, par value $100 each, of the 134 William Street Co., a New York corporation engaged in the real estate and investment business.

The Vulcan Insurance Co. ceased to operate as a fire insurance company, with the result that during the early part of 1929 the Superintendent of Insurance for the State of New York instituted a proceeding to dissolve the corporation under section 63 of the Insurance Law of New York, and thereafter ordered the liquidation of the corporation. The stockholders of the corporation applied to the same court for a voluntary dissolution under section 170 of the General Corporation Law. On March 28, 1929, the court denied the petition of the Superintendent of Insurance and granted the petition filed by the stockholders of the Vulcan Insurance Co. On April 10, 1929, the court made an order to show cause why the corporation should not be dissolved.

Thereafter in 1929, pursuant to resolutions adopted by the directors and stockholders of the respective corporations, the Vulcan Insurance Co., after discharging its liabilities, transferred all of its securities, except stock of the 134 William Street Co., to the 134 William Street Co., and then distributed the stock it retained of the 134 William Street Co. and $50,000 in cash proportionately to its stockholders in exchange for Vulcan Insurance Co. stock. The Vulcan Insurance Co. was formally dissolved by court order entered February 8, 1934, in which the court directed that the remaining assets of the corporation, amounting to $299.24, be distributed ratably among its stockholders.

The petitioners reported no taxable gain from the exchange. In his determination of the deficiencies the respondent treated the transaction as an ordinary liquidation of the Vulcan Insurance Co. result-

ing in capital gain to the petitioners, measured by the difference between the cost of their stock and the amount of cash and other property received by them in exchange for their stock.

Section 112 (i) (1) (B) of the Revenue Act of 1928 defines a reorganization as "a transfer by a corporation of all or a part of its assets to another corporation if immediately after the transfer the transferor or its stockholders or both are in control of the corporation to which the assets were transferred." Subsection (b) (3) provides for the nonrecognition of gain or loss "if stock or securities in a corporation a party to a reorganization are, in pursuance of the plan of reorganization, exchanged solely for stock or securities in such corporation or in another corporation a party to the reorganization."

The respondent, in contending that the transaction was merely a liquidation of the Vulcan Insurance Co., with the usual tax result to the petitioners, and not a reorganization within the meaning of the revenue act, relies upon the opinion of the court, in which the court said that the stockholders of the corporation could divide the corporate assets among themselves, and resolutions of the respective corporations in which the terms "liquidation" and "liquidate" were used in connection with the transaction, and also argues that the transfer had no relation to the business of either corporation.

The issue is not to be determined solely from the terminology used by the superintendent of insurance or the directors and stockholders of the respective corporations in referring to the transaction. *San Joaquin Fruit & Investment Co.*, 28 B. T. A. 395; *Ballwood Co.*, 30 B. T. A. 644. Taxation must be determined from what is actually done rather than from the declarations of the parties to the transaction. *Weiss* v. *Stearn*, 265 U. S. 242. The act makes no distinction between a voluntary and an involuntary reorganization. *De Blois* v. *Commissioner*, 36 Fed. (2d) 11, affirming 12 B. T. A. 1138; *C. H. Mead Coal Co.* v. *Commissioner*, 72 Fed. (2d) 22. The stockholders of the Vulcan Insurance Co. desired to dissolve the corporation without the intervention of the superintendent of insurance, and sought and obtained court authority to accomplish their purpose. We find nothing in the opinion rendered by the court on March 28, 1929, requiring the Vulcan Insurance Co. to dissolve by a distribution of its net assets directly to its stockholders. The final decree of dissolution was rendered after the transfer and exchanges in question had been made and in the light of the report of a referee appointed by the court to hear complaints under an order requiring persons interested in the Vulcan Insurance Co. to show cause why the corporation should not be dissolved. Obviously, if the transfer to the 134 William Street Co. had been made contrary to the court's opinion,

the court would have taken notice of it. Its failure to do so supports the idea that the transfer was not opposed to any prior instructions given in the proceeding. The terms "liquidation" and "liquidate" used in the resolutions have reference to the terms used in the original application by the superintendent of insurance to the court— which as already seen was denied. The resolutions refer to "complete the intercompany transactions" and to transfer of bonds and securities of the Vulcan Insurance Co. to the 134 William Street Co. simultaneously with surrender of the Vulcan Insurance Co. stock and "in consideration thereof," and a motion to do so was carried— all demonstrating that the plan was to reorganize with the 134 William Street Co. We conclude that the plan was one of statutory reorganization.

The plan of reorganization, in general, provided for a transfer by the Vulcan Insurance Co. of part of its assets to the 134 William Street Co. and a distribution of a portion of its remaining assets, consisting of stock of the 134 William Street Co. and cash, ratably among its stockholders in liquidation proceedings. The plan of reorganization was carried out, with the result that immediately after the transfer the stockholders of the Vulcan Insurance Co. controlled the transferee directly instead of indirectly through the transferor. The court directed that the small amount of assets on hand in 1934 after the Vulcan Insurance Co. had satisfied all of its obligations be distributed among the corporation's stockholders in proportion to their interests in the assets.

Similar facts were involved in *H. B. Leary, Sr.*, 34 B. T. A. 1206. There the General Baking Corporation, a Maryland corporation owning practically all of the common stock and in excess of 80 percent of all of the voting stock of the General Baking Co., a New York corporation, transferred part of its assets to the New York corporation. Thereafter, as part of the plan of reorganization, the stockholders of the Maryland corporation surrendered their stock in that corporation and in exchange therefor received stock and bonds of the New York corporation and a small amount of cash. After this exchange the Maryland corporation was dissolved and its former stockholders owned in excess of 80 percent of the voting stock of the New York corporation. In holding that the transaction involved a nontaxable reorganization, and was not simply a distribution of a liquidating dividend as the Commissioner had determined, we said:

But if there is any doubt about the application of (A) [section 112 (i) (1) (A), 1928 Act], it seems clear that (B) applies. There was a transfer by the Maryland corporation of all or a part of its assets to the New York corporation and immediately after the transfer the stockholders of the transferor were in control of the New York company.

958

The exchange by the petitioners, and other stockholders of the Vulcan Insurance Co., of their stock of the Vulcan Insurance Co. for stock of the 134 William Street Co. and cash at the rate of $25 per share, was made pursuant to the plan of reorganization. The exchange of stock for stock did not result in a realization of taxable gain. *H. B. Leary, Sr., supra; Jacob F. Schoellkopf, Jr.,* 35 B. T. A. 855; *Helvering* v. *Winston Bros. Co.,* 76 Fed. (2d) 381. The amount of cash received by the petitioners in the exchange is taxable to the extent that it does not exceed gain computed under the provisions of section 112 (c) of the Revenue Act of 1928.

Reviewed by the Board.

*Decision will be entered under Rule 50.*