## LLOYD–SMITH v. COMMISSIONER OF INTERNAL REVENUE.

### No. 12.

Circuit Court of Appeals, Second Circuit.

Jan. 6, 1941.

Wright, Gordon, Zachry & Parlin, of New York City (Charles C. Parlin and James A. Fowler, Jr., both of New York City, of counsel), for petitioner.

Samuel O. Clark, Jr., Asst. Atty. Gen., and Norman D. Keller and Maurice J. Mahoney, Sp. Assts. to Atty. Gen., for respondent.

Before L. HAND, SWAN, and AUGUSTUS N. HAND, Circuit Judges.

AUGUSTUS N. HAND, Circuit Judge.

In 1932 the above taxpayer, Marjorie Fleming Lloyd-Smith, transferred to Jorwil Corporation certain assets belonging to her which had a cost basis of $2,636,778.-49, and a fair market value at the time of transfer of $477,606.19. In exchange Jorwil Corporation issued to her its capital stock of the par value of $15,000 and its unsecured two year 6% promissory note for $303,000. In 1933 the note was split into two notes, one for $70,000 and the other for $233,000. In the same year the $70,-000 note was sold for $70,000 in cash. Both the Commissioner and the Board of Tax Appeals held that the cost basis to be

used for computing income taxes on the sale of the note was $70,000 and that on that basis the sale resulted in no loss which could be deducted for tax purposes. The taxpayer, however, says that the note represented a part of a total consideration of stock and notes received in exchange for assets valued at $477,606.19, but which had a cost basis of $2,636,778.49. She accordingly argues that the note should be given a proportionate cost basis of $386,458 and that its sale at $70,000 involved a loss of $316,458. The disallowance by the Board of this alleged loss resulted in an order determining a deficiency of $21,299.17. We think the order was right and should be affirmed.

The question before us on this appeal is what was the proper basis for tax purposes to be applied on the sale of the $70,000 two year unsecured note of Jorwil Corporation which was disposed of for its face value in the year 1933.

The consequences of such a transfer of property as the taxpayer made to Jorwil are set forth in Section 112 (b) (5) and (e) and Section 113 (a) (6) of the 1932 Revenue Act, 26 U.S.C.A. Int.Rev.Acts, pages 511, 513, 515:

Sec. 112 (b) (5):

"* * * No gain or loss shall be recognized if property is transferred to a corporation by one or more persons solely in exchange for stock or securities in such corporation, and immediately after the exchange such person or persons are in control of the corporation; * * *"

"(e) *Loss from Exchanges Not Solely in Kind.* If an exchange would be within the provisions of subsection (b) (1) to (5), inclusive, of this section if it were not for the fact that the property received in exchange consists not only of property permitted by such paragraph to be received without the recognition of gain or loss, but also of other property or money, then no loss from the exchange shall be recognized."

Sec. 113 (a) (6): "*Tax-free exchanges generally.* If the property was acquired upon an exchange described in section 112 (b) to (e), inclusive, the basis shall be the same as in the case of the property exchanged, decreased in the amount of any money received by the taxpayer and increased in the amount of gain or decreased in the amount of loss to the taxpayer that was recognized upon such exchange under the law applicable to the year in which the exchange was made. If the property so acquired consisted in part of the type of property permitted by section 112 (b) to be received without the recognition of gain or loss, and in part of other property, the basis provided in this paragraph shall be allocated between the properties (other than money) received, and for the purpose of the allocation there shall be assigned to such other property an amount equivalent to its fair market value at the date of the exchange. * * *"

According to the above provisions no gain or loss shall be recognized where property is transferred in exchange for stock or securities of a corporation controlled by the transferor; and where as in 112 (e), the property received in exchange includes money or "other property" as well as the stock and securities referred to in 112 (b) (5), "no loss from the exchange shall be recognized". Section 112 (e) also provides that no loss shall be recognized where similar exchanges accompany socalled reorganizations. Now, if the $70,000 note received in partial exchange for the assets transferred came within the meaning of the word "securities" as used in 112 (b) (5), the taxpayer was entitled to claim a loss based on that proportion of the cost of the assets transferred which the note bore to the total value of the assets received. If, on the other hand, the note came within the description of "other property" then under Section 113 (a) (6) no loss from the exchange involved in the case at bar would be recognized because, under subdivision (a) (6), the basis for the note sold by the taxpayer was its value when received. That value was $70,000 and the selling price was $70,000. Therefore, both under 113 (a) (6) and 112 (e) no loss is to be recognized.

■ In reorganizations which are dealt with in Section 112 (b) (3) and (4) it has been held that there must be a continuity of interest, resembling that found in consolidations or mergers, in order that gain or loss shall not be recognized. Accordingly unsecured short time obligations have been regarded as not coming within the meaning of "securities" since they do not furnish any such continuity of interest as is required to satisfy that term. LeTulle v. Scofield, 308 U.S. 415, 60 S.Ct. 313, 84 L.Ed. 355; Helvering v. Tyng and Helvering v. Buchsbaum, 308 U.S. 527, 60 S.Ct. 378, 84 L.Ed. 445; Pinellas Ice Co. v. Commissioner, 287 U.S. 462, 53 S.Ct. 257, 77 L. Ed. 428; Cortland Specialty Co. v. Com-

missioner, 2 Cir., 60· F.2d 937, certiorari denied 288 U.S. 599, 53 S.Ct. 316, 77 L.Ed. 975; L. & E. Stirn, Inc. v. Commissioner, 2 Cir., 107 F.2d 390.

We see no justification for supposing that the word "securities" had different meanings when used in the reorganization subdivisions and in those relating to transfers. Continuity of interest if required to satisfy the term as used in subdivisions 112 (b) (3) and (4) ought to be required for 112 (b) (5).

The opinion in LeTulle v. Scofield, 308 U.S. 415, 60 S.Ct. 313, 84 L.Ed. 355, makes it plain that a continuity of stock interest is necessary to prevent the recognition of gain or loss in a reorganization or non-taxable transfer, but it did not attempt to say that all debts accompanying shares of stock are "securities", or to include evidences of debt within the term which the courts had not been accustomed to classify as "securities" under 112 (b) (3), (4) or (5). It only said that "where the consideration is represented by a substantial proportion of stock, and the balance in bonds, the total consideration received is exempt from tax under Sec. 112 (b) (4) and 112 (g), 26 U.S.C.A. Int.Rev.Acts, pages 377, 379". LeTulle v. Scofield, 308 U.S. at page 420, 60 S.Ct. at page 316, 84 L.Ed. 355.

We do not think it meant to say that what the court in Pinellas Ice Co. v. Commissioner, 287 U.S. 462, 470, 53 S.Ct. 257, 260, 77 L.Ed. 428, called "short-term purchase-money notes" are to be regarded as "securities". These notes represented no such continuity of interest as the courts have generally found necessary to satisfy that term and they differed little from cash or credit received in the course of a sale.

The decision in Helvering v. Watts, 296 U.S. 387, 56 S.Ct. 275, 80 L.Ed. 289, is cited by the taxpayer in support of her contention. There bonds secured by a mortgage, which ran for a considerably longer average period than the notes we are dealing with were held to be "securities". But we adhere in general to the view we expressed as to the meaning of "securities" when we discussed Helvering v. Watts, supra, in L. & E. Stirn, Inc. v. Commissioner, 107 F.2d at page 392. The short term unsecured note of the case at bar which ran for but two years is still farther from the mortgage bonds involved in Helvering v. Watts, supra, than were the bonds in L. & E. Stirn, Inc. v. Commissioner,

supra. We think the sale of the note resulted in no taxable deduction.

Order affirmed.