## WORCESTER SALT CO. v. COMMISSIONER OF INTERNAL REVENUE.
### No. 53.

Circuit Court of Appeals, Second Circuit.

Feb. 18, 1935.

Laurence Graves, of Washington, D. C., for petitioner.

Frank J. Wideman, Asst. Atty. Gen., and Sewall Key, Norman D. Keller, and Arnold Raum, Sp. Assts. to Atty. Gen., for respondent.

Before MANTON, SWAN, and AUGUSTUS N. HAND, Circuit Judges.

MANTON, Circuit Judge.

The petitioner seeks a review of its income tax payable for the year 1928. Petition for review was filed pursuant to section 1001 of the Revenue Act of 1926, c. 27, 44 Stat. 9, 109, 110, as amended by section 603 of the Revenue Act of 1928, c. 852, 45 Stat. 791, 873, and section 1101 (a) of the Revenue Act of 1932, c. 209, 47 Stat. 169, 286 (26 USCA § 1224 (a), and sections 1002, 1003 (26 USCA §§ 1225, 1226).

On June 1, 1928, the petitioner purchased the entire capital stock of the Kerr-Remington Salt Company, and thereafter the latter transferred to the petitioner all its assets, subject to its liabilities, in exchange for $680,000 bonds of the petitioner. The depreciated cost of the assets, less liabilities, was $1,274,434.02. In December, 1928, the Kerr-Remington Salt Company sold, at par, $300,000 worth of these bonds. The corporations were still affiliated. In petitioner's return for 1928, respondent refused the petitioner's claim that it sustained a deductible loss measured by thirty sixty-eighths of the difference between the $1,274,434.02 and $680,000. The Board of Tax Appeals approved the Commissioner's determination.

The transfer of the assets to the petitioner, while the transferor was a wholly owned subsidiary required the treatment of those assets, in the hands of the petitioner, on the same basis for computing gain or loss upon subsequent disposition, as in the hands of the transferor. Article 603, Treasury Regulations 74, issued under Revenue Act of 1928. Revenue Act of 1928, c. 852, 45 Stat. 791, 816, § 112 (i) (1), 26 USCA § 2112 (i) (1) defines "reorganization" as follows:

"(1) The term 'reorganization' means (A) a merger or consolidation (including the acquisition by one corporation of at least a majority of the voting stock and at least a majority of the total number of shares of all other classes of stock of another corporation, or substantially all the properties of another corporation), or (B) a transfer by a corporation of all or a part of its assets to another corporation if immedi-

ately after the transfer the transferor or its stockholders or both are in control of the corporation to which the assets are transferred. * * *"

By this transfer, the petitioner acquired the properties of its subsidiary and falls within the terms of section 112 (i) (1) (A), 26 USCA § 2112 (i) (1) (A). But the fact that the transaction is included within the literal terms of this section does not mean that such a transaction is a statutory reorganization. Pinellas Ice & Cold Storage Co. v. Com'r, 287 U. S. 462, 53 S. Ct. 257, 260, 77 L. Ed. 428; Prairie Oil & Gas Co. v. Motter, 66 F.(2d) 309 (C. C. A. 10); Cortland Specialty Co. v. Com'r, 60 F.(2d) 937 (C. C. A. 2); Gregory v. Helvering, 55 S. Ct. 266, 79 L. Ed. ——. This transaction was a purchase of assets, not a reorganization. Prairie Oil & Gas Co. v. Motter, supra. In Pinellas Ice & Cold Storage Co. v. Com'r, supra, the court pointed out that, to constitute a reorganization, the transaction must at least "partake of the nature of a merger or consolidation," and in Cortland Specialty Co. v. Com'r, supra, we defined a merger as an absorption by one corporation of the properties and franchises of another. The transaction in the instant case in no sense can be deemed to "partake of the nature of a merger or consolidation." The Kerr-Remington Salt Company had no interest in the petitioner because, like the notes in the Pinellas Case, bonds are merely an evidence of indebtedness and gave the Kerr-Remington Salt Company no interest in the petitioner itself. Continuity of interest is a requisite. Cortland Specialty Co. v. Com'r, supra; Gregory v. Helvering, supra; C. H. Mead Coal Co. v. Com'r, 72 F.(2d) 22 (C. C. A. 4).

While the first part of subdivision (B), 26 USCA § 2112 (i) (1) (B), would seem applicable, the second part limits the application because the subsidiary was not in control of the petitioner after the transaction.

Since there was no reorganization involved, section 113 (a) (6) of the Revenue Act of 1928, 26 USCA § 2113 (a) (6), may not be invoked to show that there was a deductible loss because that section, by its terms, applies only where there is a reorganization. The application of section 113 (a) (6) must be preceded by an exchange which is nontaxable, pursuant to section 112 (b to e), inclusive (26 USCA § 2112 (b to e).

Indeed, the exchange in the instant case was regarded as a nontaxable transfer before the enactment of section 112 (26 USCA § 2112), since it was an intercompany transaction. By the passage of section 112, Congress cannot be assumed to have intended to confer the same exemption in two different ways. Section 113 (a) (6) was intended to preserve the continuity of taxable gains and deductible losses. Any gain realized in a tax-free reorganization must subsequently be accounted for when a stockholder disposes of the securities received in exchange, but, where the original transaction is an intercompany transfer, such continuity is preserved, in any case, since the law always regarded transferred properties as retaining its original basis. Article 603, Treasury Reg. 74.

If section 113 (a) (6) were held to cover so that the basis of gain or loss on sale of the bonds is the same as the transferred assets would have had in the hands of the subsidiary, then what would be the basis for gain or loss on subsequent sale of the assets? The original basis of the bonds in the hands of the petitioner does not attach to the assets transferred in exchange, for section 113 (a) (6), 26 USCA § 2113 (a) (6) states:

"This paragraph shall not apply to property acquired by a corporation by the issuance of its stock or securities as the consideration in whole or in part for the transfer of the property to it."

And it is clear that by section 113 (a) (7), 26 USCA § 2113 (a) (7), upon subsequent sale of these assets, the same basis would apply as in the hands of the subsidiary. Ahles Realty Corp. v. Com'r, 71 F. (2d) 150 (C. C. A. 2). It is improbable that Congress would have intended that, where there has been an intercompany exchange of bonds for other assets, the bonds take over the basis of the other assets while at the same time the other assets still retain their original basis.

Section 113 (a) (6) is not applicable. There was no reorganization within the meaning of section 112. There was no deductible loss in the transaction.

Determination affirmed.