## LILIENTHAL v. COMMISSIONER OF INTERNAL REVENUE.

### No. 7788.

Circuit Court of Appeals, Ninth Circuit.

Dec. 5, 1935.

John C. Altman, and Richard S. Goldman, both of San Francisco, Cal., for petitioner.

Frank J. Wideman, Asst. Atty. Gen., and Sewall Key and Maurice J. Mahoney, Sp. Assts. to Atty. Gen., for respondent.

Before WILBUR, MATHEWS, and HANEY, Circuit Judges.

MATHEWS, Circuit Judge.

Petitioner's wife, Ruth H. Lilienthal, owned 4,400 shares of stock of Southern California Gas Company, a California corporation, which she acquired at a cost of $16,500, and which in 1927 she exchanged for cash in the sum of $260,609.12 and bonds of Southern California Gas Corporation, a Delaware corporation, having a par value of $339,500 and a fair market value of $312,340. The bonds were not sold or disposed of by her in 1927. In a joint return which he filed for himself and his wife, petitioner included the cash item of $260,609.12 as taxable income for 1927, but did not include the bonds or their value, or any part thereof. The Commissioner of Internal Revenue "adjusted" the wife's income, as reported by adding thereto $295,840, being the difference between the cost of her stock and the market value of the bonds received in exchange therefor, and, in consequence of such adjustment, determined a tax deficiency of $38,-107.54. The Commissioner's determination was sustained by the Board of Tax Appeals. The Board's decision is now before us for review.

Section 202 of the Revenue Act of 1926, c. 27, 44 Stat. 11, 26 U.S.C.A. § 933 (now 26 U.S.C.A. § 111 note), provides generally for the determination of taxable gain from the sale or other disposition of property. Section 203 of the same act, 44 Stat. 12, 26 U.S.C.A. § 934 (now 26 U.S.C.A. § 112 note), deals with exchanges of property. Subdivision (a) of section 203 provides: "Upon the sale or exchange of property the entire amount of the gain or loss, determined under section 202, shall be recognized, except as hereinafter provided in this section."

Paragraph (2) of subdivision (b) of section 203 provides: "No gain or loss shall be recognized if stock or securities in a corporation a party to a reorganization are, in pursuance of the plan of reorganization, exchanged solely for stock or securities in such corporation or in another corporation a party to the reorganization."

Paragraph (1) of subdivision (d) of section 203 provides: "If an exchange would ,be within the provisions of paragraph (1), (2), or (4) of subdivision (b) if it were not for the fact that the property received in exchange consists not only of property permitted by such paragraph to be received without the recognition of gain, but also of other property or money, then the gain, if any, to the recipient shall be recognized, but in an amount not in excess of the sum of such money and the fair market value of such other property."

Petitioner contends that the Southern California Gas Company stock which his wife exchanged for cash and bonds of Southern California Gas Corporation in 1927 was so exchanged in pursuance of a plan of reorganization to which both corporations were parties, and that, therefore, under paragraph (2) of subdivision (b) and paragraph (1) of subdivision (d) of section 203, quoted above, there was no taxable gain as to the bonds; the only taxable gain being that which resulted from the receipt of cash, which gain, as stated above, was included in petitioner's return, and is not here involved.

·It is conceded that Southern California Gas Corporation was organized for the purpose of acquiring the stock of Southern California Gas Company, all of which was voting stock, and that it did acquire more than 65 per cent. of said stock, including the 4,400 shares owned by petitioner's wife, in exchange for cash and its own 5 per cent. collateral trust bonds issued in 1927 and due in 1937. The Commissioner contends, however, that this transaction did not constitute a "reorganization," within the meaning of paragraph (2) of subdivision (b) of section 203, because, after the acquisition of its stock by Southern California Gas Corporation, Southern California Gas Company continued to exist and carried on its corporate business as before.

The Board of Tax Appeals sustained the Commissioner's contention, and, in so doing, erred. Subdivision (h) of section 203 provides that, as used in that section:

"(1) The term 'reorganization' means (A) a merger or consolidation (including the acquisition by one corporation of at least a majority of the voting stock and at least a majority of the total number of shares of all other classes of stock of another corporation, or substantially all the properties of another corporation), or (B) a transfer by a corporation of all or a part of its assets to another corporation if immediately after the transfer the transferor or its stockholders or both are in control of the corporation to which the assets are transferred, or (C) a recapitalization, or (D) a mere change in identity, form, or place of organization, however effected.

"(2) The term 'a party to a reorganization' includes a corporation resulting from a reorganization and includes both corporations in the case of an acquisition by one corporation of at least a majority of the voting stock and at least a majority of the total number of shares of all other classes of stock of another corporation."

Southern California Gas Corporation acquired more than a majority of the voting stock of Southern California Gas Company. The latter company had no nonvoting stock. The term "reorganization," as defined in paragraph (1) of subdivision (h), includes such a transaction. The fact that Southern California Gas Company was not dissolved, but continued in business after the acquisition of its stock by Southern California Gas Corporation, makes no difference. Watts v. Commissioner (C.C.A.2) 75 F.(2d) 981.

The Commissioner cites Pinellas Ice Co. v. Commissioner, 287 U.S. 462, 53 S. Ct. 257, 77 L.Ed. 428; Cortland Specialty Co. v. Commissioner (C.C.A.2) 60 F.(2d) 937; Prairie Oil & Gas Co. v. Motter (C. C.A.10) 66 F.(2d) 309; West Texas Refining & Development Co. v. Commissioner (C.C.A.10) 68 F.(2d) 77; C. H. Mead Coal Co. v. Commissioner (C.C.A.4) 72 F.(2d) 22; Worcester Salt Co. v. Commissioner (C.C.A.2) 75 F.(2d) 251; John A. Nelson Co. v. Commissioner (C.C.A.7) 75 F.(2d) 696, and G & K Mfg. Co. v. Commissioner (C.C.A.4) 76 F.(2d) 454. These cases are not in point. They concern transfers of corporate assets, dealt with in clause (B) of paragraph (1) ·of subdivision (h), § 203, quoted above. We are here concerned with the acquisition by one corporation of another corporation's capital stock; a subject dealt with in clause (A) of paragraph (1).

In Von Weise v. Commissioner (C.C. A.8) 69 F.(2d) 439, it was held that the acquisition by one corporation of all the voting stock, but none of the nonvoting stock, of another corporation, which had both voting and nonvoting stock, did not constitute a "reorganization," as defined in

clause (A) of paragraph (1). We agree with that holding, but think it inapplicable where, as in this case, one corporation acquires a majority of the voting stock of another corporation, which has no non-voting stock.

■ It is also contended by the Commissioner that the 10-year 5 per cent. collateral trust bonds of Southern California Gas Corporation, which were exchanged for the stock of Southern California Gas Company, were not "securities," within the meaning of paragraph (2) of subdivision (b) of section 203, quoted above. This contention is unsupported by authority, and is obviously unsound.

Decision reversed.