## LeTULLE *v.* SCOFIELD, COLLECTOR OF INTERNAL REVENUE.

No. 63. Argued December 4, 1939.—Decided January 2, 1940.

*Mr. Homer L. Bruce,* with whom *Mr. W. E. Davant* was on the brief, for petitioner.

*Mr. J. Louis Monarch,* with whom *Solicitor General Jackson, Assistant Attorney General Clark,* and *Messrs. Sewall Key* and *F. E. Youngman* were on the brief, for respondent.

MR. JUSTICE ROBERTS delivered the opinion of the court.

We took this case because the petition for certiorari alleged that the Circuit Court of Appeals had based its decision on a point not presented or argued by the litigants, which the petitioner had never had an opportunity to meet by the production of evidence.

The Gulf Coast Irrigation Company was the owner of irrigation properties. Petitioner was its sole stockholder. He personally owned certain lands and other irrigation properties. November 4, 1931, the Irrigation Company, the Gulf Coast Water Company, and the petitioner, entered into an agreement which recited that the petitioner owned all of the stock of the Irrigation Company; described the company's properties, and stated that, prior to conveyance to be made pursuant to the contract, the Irrigation Company would be the owner of certain other lands and irrigation properties. These other lands and properties were those which the petitioner individually owned. The contract called for a conveyance of all the properties owned, and to be owned, by the Irrigation Company for $50,000 in cash and $750,000 in bonds of the Water Company, payable serially over the period January 1, 1933, to January 1, 1944. The petitioner joined in this agreement as a guarantor of the title of the Irrigation Company and for the purpose of covenanting that he would not personally enter into the irrigation business within a fixed area during a specified period after the execution of the contract. Three days later, at a special meeting of stockholders of the Irrigation Company, the proposed reorganization was approved, the minutes stating that the taxpayer, "desiring also to reorganize his interest in the properties," had consented to be a party to the reorganization. The capital stock of the Irrigation Company was

increased and thereupon the taxpayer subscribed for the new stock and paid for it by conveyance of his individual properties.

The contract between the two corporations was carried out November 18, with the result that the Water Company became owner of all the properties then owned by the Irrigation Company including the property theretofore owned by the petitioner individually. Subsequently all of its assets, including the bonds received from the Water Company, were distributed to the petitioner. The company was then dissolved. The petitioner and his wife filed a tax return as members of a community in which they reported no gain as a result of the receipt of the liquidating dividend from the Irrigation Company. The latter reported no gain for the taxable year in virtue of its receipt of bonds and cash from the Water Company. The Commissioner of Internal Revenue assessed additional taxes against the community, as individual taxpayers, by reason of the receipt of the liquidating dividend, and against the petitioner as transferee of the Irrigation Company's assets in virtue of the gain realized by the company on the sale of its property. The tax was paid and claims for refund were filed. Petitioner's wife having died he brought suit individually and as her executor and representative in the community property against the respondent to recover the amount of the additional taxes so assessed. He alleged that the transaction constituted a tax-exempt reorganization as defined by the Revenue Act.[1] The respondent traversed the allegations of the complaints and the causes were consolidated and tried by the District Court without a jury. The respondent's contention that the transaction amounted merely to a sale of assets by the petitioner and the Irrigation Company and did not fall within the statu-

---

[1] § 112 (i) of the Revenue Act of 1928, c. 852, 45 Stat. 791, 818.

tory definition of a tax-free reorganization was overruled by the District Court and judgment was entered for the petitioner.

The respondent appealed, asserting error on the part of the District Court in matters not now material and also assigning as error the court's holding that the transaction constituted a nontaxable reorganization.

The Circuit Court of Appeals concluded that, as the Water Company acquired substantially all the properties of the Irrigation Company, there was a merger of the latter within the literal language of the statute, but held that, in the light of the construction this Court has put upon the statute, the transaction would not be a reorganization unless the transferor retained a definite and substantial interest in the affairs of the transferee. It thought this requirement was satisfied by the taking of the bonds of the Water Company, and, therefore, agreed with the District Court that a reorganization had been consummated. It added, however, "We find a reason for reversing the judgment which has not been argued." Adverting to the fact that the transfer of the petitioner's individual properties to the Irrigation Company was for the purpose of including them in the latter's assets to be transferred in the proposed reorganization, the court said the statute did not extend to the reorganization of an individual's business or affairs, and the transaction was a reorganization within the meaning of the Revenue Act as respects the corporation's assets owned on November 4, 1931, but not as respects the petitioner's individual properties included in the sale. It concluded: "Only so much of the consideration as represents the price of the properties and business of the Irrigation Company is entitled to be protected from taxation as arising from a reorganization. It does not appear what the proper apportionment is. The burden was upon LeTulle to show not only that he had been illegally taxed, but how much

of what was collected from him was illegal. The latter
he did not do. The evidence does not support the judg-
ment for the full amount paid by him. It is accordingly
reversed, that further proceedings may be had consistent
herewith." [2]

The petitioner sought certiorari asserting that the Cir-
cuit Court of Appeals had departed from the usual and
accepted course of judicial proceedings by deciding the
cause upon a ground not presented or argued and hence
had deprived the petitioner of his day in court. The
respondent, though he had contended below that the
transaction in question did not amount to a tax-free stat-
utory reorganization, did not file a cross petition asking
for a review of that part of the judgment exempting
from taxation gain to the Irrigation Company arising
from the transfer of its assets owned by it on and prior to
November 4, 1931, and the part of the liquidating
dividend attributable thereto.

We find it unnecessary to consider petitioner's conten-
tion that the Circuit Court of Appeals erred in deciding
the case on a ground not raised by the pleadings, not be-
fore the trial court, not suggested or argued in the Circuit
Court of Appeals, and one as to which the petitioner had
never had the opportunity to present his evidence, since
we are of opinion that the transaction did not amount to
a reorganization and that, therefore, the petitioner cannot
complain, as the judgment must be affirmed on the ground
that no tax-free reorganization was effected within the
meaning of the statute.

Section 112 (i) provides, so far as material:

"(1) The term 'reorganization' means (A) a merger
or consolidation (including the acquisition by one cor-
poration of at least a majority of the voting stock and at
least a majority of the total number of shares of all other

---

[2] 103 F. 2d 20.

classes of stock of another corporation, or substantially all the properties of another corporation) . . ."

As the court below properly stated, the section is not to be read literally, as denominating the transfer of all the assets of one company for what amounts to a cash consideration given by the other a reorganization. We have held that where the consideration consists of cash and short term notes the transfer does not amount to a reorganization within the true meaning of the statute, but is a sale upon which gain or loss must be reckoned.[3] We have said that the statute was not satisfied unless the transferor retained a substantial stake in the enterprise and such a stake was thought to be retained where a large proportion of the consideration was in common stock of the transferee,[4] or where the transferor took cash and the entire issue of preferred stock of the transferee corporation.[5] And, where the consideration is represented by a substantial proportion of stock, and the balance in bonds, the total consideration received is exempt from tax under § 112 (b) (4) and 112 (g).[6]

In applying our decision in the *Pinellas* case [3] the courts have generally held that receipt of long term bonds as distinguished from short term notes constitutes the retention of an interest in the purchasing corporation. There has naturally been some difficulty in classifying the securities involved in various cases.[7]

We are of opinion that the term of the obligations is not material. Where the consideration is wholly in the

---

[3] *Pinellas Ice & Cold Storage Co.* v. *Commissioner*, 287 U S. 462.

[4] *Helvering* v. *Minnesota Tea Co.*, 296 U. S. 378.

[5] *Nelson Co.* v. *Helvering*, 296 U. S. 374.

[6] 45 Stat. 816, 818. See *Helvering* v. *Watts*, 296 U. S. 387.

[7] *Worcester Salt Co.* v. *Commissioner*, 75 F. 2d 251; *Lilienthal* v. *Commissioner*, 80 F. 2d 411, 413; *Burnham* v. *Commissioner*, 86 F. 2d 776; *Commissioner* v. *Kitselman*, 89 F. 2d 458; *Commissioner* v. *Freund*, 98 F. 2d 201; *Commissioner* v. *Tyng*, 106 F. 2d 55; *L. & E. Stirn, Inc.* v. *Commissioner*, 107 F. 2d 390.

transferee's bonds, or part cash and part such bonds, we think it cannot be said that the transferor retains any proprietary interest in the enterprise. On the contrary, he becomes a creditor of the transferee; and we do not think that the fact referred to by the Circuit Court of Appeals, that the bonds were secured solely by the assets transferred and that, upon default, the bondholder would retake only the property sold, changes his status from that of a creditor to one having a proprietary stake, within the purview of the statute.

We conclude that the Circuit Court of Appeals was in error in holding that, as respects any of the property transferred to the Water Company, the transaction was other than a sale or exchange upon which gain or loss must be reckoned in accordance with the provisions of the revenue act dealing with the recognition of gain or loss upon a sale or exchange.

Had the respondent sought and been granted certiorari the petitioner's tax liability would, in the view we have expressed, be substantially increased over the amount found due by the Circuit Court of Appeals. Since the respondent has not drawn into question so much of the judgment as exempts from taxation gain to the irrigation Company arising from transfer of its assets owned by it on and prior to November 4, 1931, and the part of the liquidating dividend attributable thereto, we cannot afford him relief from that portion of the judgment which was adverse to him.

A respondent or an appellee may urge any matter appearing in the record in support of a judgment,[8] but he may not attack it even on grounds asserted in the court below, in an effort to have this Court reverse it, when

---

[8] *Langnes* v. *Green*, 282 U. S. 531, 535–537; *Helvering* v. *Gowran*, 302 U. S. 238, 245; *Ticonic Bank* v. *Sprague*, 303 U. S. 406, 4 note 3.

he himself has not sought review of the whole judgment, or of that portion which is adverse to him.[9]

The judgment of the Circuit Court of Appeals is affirmed and the cause is remanded to the District Court with directions to proceed in accordance with the opinion and mandate of the Circuit Court of Appeals.

*Affirmed.*

---

[9] *The Stephen Morgan,* 94 U. S. 599; *Mount Pleasant* v. *Beckwith,* 100 U. S. 514, 527; *United States* v. *Blackfeather,* 155 U. S. 180, 186; *Landram* v. *Jordan,* 203 U. S. 56, 62; *Bothwell* v. *United States,* 254 U. S. 231, 233; *United States* v. *American Railway Express Co.,* 265 U. S. 425, 435; *Morley Construction Co.* v. *Maryland Casualty Co.,* 300 U. S. 185, 191.