SISTO FINANCIAL CORPORATION, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 105982.    Promulgated August 4, 1942.

*Robert C. Vincent, Esq.*, and *Albert E. Hadlock, Jr., Esq.*, for the petitioner.

*J. C. Maddox, Esq.*, for the respondent.

428

OPINION.

LEECH: In its income tax return for 1936, the petitioner treated the transaction in which it received Stainless stock from Barium in satisfaction of Barium notes held by the taxpayer, as an exchange of securities for stock in a nontaxable reorganization under section 112 (b) (3) of the Revenue Act of 1936. Consistent with this treatment it then reported capital gain on its disposition of that Stainless stock in 1936, using as a basis its cost of the Barium notes. Respondent, in his deficiency notice, determined that the Stainless stock disposed of by petitioner in 1936 was not received by it in a nontaxable reorganization but in a taxable exchange of property, in the form of Barium notes for Stainless stock, under section 112 (a) of the same act. He then valued the Stainless stock at $3 per share when received by the petitioner, and computed the taxable gain to petitioner on such exchange in the amount of the difference between the cost to petitioner of the notes and the aggregate value, at $3 per share, of the Stainless stock received by the petitioner in satisfaction thereof. Thus computed, this gain was $237,308. Accordingly, he then used the basis of $3 per share for the Stainless stock in computing petitioner's gain on the disposition of part of such stock in the taxable year, and reduced the returned gain accordingly.

Here both parties maintain their original positions except that petitioner alternatively contends that the fair market value of the Stainless stock when received by it was not $3 per share, as determined by respondent, but was no greater than its cost of the satisfied Barium notes.

The principal argument of respondent is that the notes of Barium owned by petitioner were not "securities" within the meaning of section 112 (b) (3), *supra.* He says Barium's financing evidenced by these demand and short term promissory notes "was current, not permanent. * * * Petitioner's ownership of the notes gave it no interest in the assets of Barium. * * * It [Barium] thus used the medium of the common stock of the new company [Stainless] to collect a debt never intended as anything other than current financing of an enterprise to be paid immediately when that enterprise was in

receipt of funds. * * * They [the short term and demand promissory notes of Barium] were evidence of indebtedness but they were hardly securities."

We agree. Admittedly petitioner was a stockholder in Barium. Nevertheless, its position here must rest alone on the character of the notes of Barium which it held. *Marjorie Fleming Lloyd-Smith*, 40 B. T. A. 214; affd., 116 Fed. (2d) 642; certiorari denied, 313 U. S. 588. Cf. *Helvering* v. *Alabama Asphaltic Limestone Co.*, 315 U. S. 179; *E. M. Wilson*, 46 B. T. A. 673. The six-month promissory note of $50,000 secured by a second mortgage and other collateral, as well as the demand notes of Barium owned by petitioner, were evidences only of current financing for operating expenses. The loans evidenced by these notes gave petitioner no proprietary interest in Barium. By virtue of such loans petitioner became a mere creditor of Barium and the evidencing notes are not "securities" within the meaning of section 112 (b) (3), *supra*. *Marjorie Fleming Lloyd-Smith, supra*. See also *Pinellas Ice & Cold Storage Co.* v. *Commissioner*, 287 U. S. 462; *Cortland Specialty Co.* v. *Commissioner*, 60 Fed. (2d) 937; certiorari denied, 288 U. S. 599; *LeTulle* v. *Scofield*, 308 U. S. 415.

Petitioner relies heavily on *Burnham* v. *Commissioner*, 86 Fed. (2d) 776; certiorari denied, 300 U. S. 683. In that case, however, the notes involved were for 10 years and were issued under such circumstances as to be characteristically equivalent to bonds which were refinanced with the notes. The other cases cited by petitioner are even more readily distinguishable.

Respondent also argues that section 112 (b) (3) does not apply here for another reason. He says there was no *exchange* of the Barium notes for stock and securities since Barium merely satisfied its own indebtedness to petitioner. Nevertheless, in spite of this position, respondent's conclusion is that the satisfaction of Barium's notes to petitioner by Barium's transfer of its Stainless stock to petitioner, constituted an exchange taxable under section 112 (a), *supra*. We think this conclusion is an obvious *non sequitur*.

J. A. Sisto in fact dominated and controlled the affairs of the partnership of J. A. Sisto & Co., Barium, Stainless, and petitioner. Nevertheless, as was specifically provided in the negotiations leading up to the transaction, it was actually Barium and not Stainless which contracted to and did satisfy Barium's notes by the transfer of its Stainless stock received by Barium for its assets. Respondent, in effect, concedes this on brief.

We have held that the Barium notes were not "securities" but were mere evidences of Barium's indebtedness to petitioner. When Barium transferred its Stainless stock to petitioner in satisfaction of that indebtedness, it simply paid its own debts. There was therefore no more of an exchange within section 112 (a) than there was within

section 112 (b) (3). Barium received nothing. *Bingham* v. *Commissioner*, 105 Fed. (2d) 971; *Commissioner* v. *Spreckels*, 120 Fed. (2d) 517; *Hale* v. *Helvering*, 85 Fed. (2d) 819. Barium simply sold its Stainless stock to petitioner for an amount equal to the indebtedness thus satisfied. *Betty Rogers*, 37 B. T. A. 897; affd., 103 Fed. (2d) 790. Petitioner purchased that stock at a price equal to the amount evidenced by the notes due it from the seller. As was said in our recent decision in *Peninsula Properties Co., Ltd.*, 47 B. T. A. 84, in a comparable situation:

* * * In each case the transaction is treated as if the transferor had sold the assets for cash equivalent to the amount of the debt and had applied the cash to the payment of the debt. * * *

See also *E. F. Simms*, 28 B. T. A. 988; *Carlisle Packing Co.*, 29 B. T. A. 514; *Hagan Corporation*, 21 B. T. A. 41. In view of this conclusion the question of fair market value of the Stainless stock when received by the taxpayer from Barium has not been considered.

Petitioner in returning its net income for 1936 reported gain on three of its transfers in that year of Stainless stock thus received. It claimed a loss on the other transfer. In the computation of that gain and loss petitioner used $1.516 as its basis per share. This amount was the cost to petitioner of the Barium notes plus accrued unpaid interest, allocated equally to the Stainless shares thus received. That basis was correct. But we have held that petitioner did not receive these shares in a nontaxable exchange in August 1936 under section 112 (b) (3) of the Revenue Act of 1936, as it contends, but that petitioner purchased them at that time. Therefore all, instead of part, of the gain, is taxable since the stock sold had been held for less than a year.

In reference to the secondary issue, petitioner sold 1,000 shares of its Stainless stock received in connection with the satisfaction of the Barium notes in the taxable year at $1 per share, which was then below its fair market value and $546.29 below its cost to petitioner. Petitioner made this sale at this price to an individual in compensation for valuable business services rendered to the petitioner. On its Federal income tax return for 1936 petitioner deducted as a loss the difference between its cost and the selling price of this stock under section 23 (f) of the Revenue Act of 1936. In the determination of the deficiency respondent denied the deduction of this loss. In its petition initiating this proceeding petitioner not only assigns error in that action, but alternatively claims the right to deduct this amount as a business expense under section 23 (a) of that act. Obviously, it is not deductible as a loss because it was paid for services. *Brandeis* v. *Allen*, 60 Fed. (2d) 1004; *E. A. Roberts*, 36 B. T. A. 549; *Hawke* v. *Commissioner*, 109 Fed. (2d) 946; *Lelia S. Kirby*,

35 B. T. A. 578. But, since no question has been raised as to its reasonableness, we think it is deductible as compensation under the same statutory provision.

*Decision will be entered under Rule 50.*