F. T. Bedford v. Commissioner.
Bedford v. Commissioner
Docket No. 112750.
United States Tax Court
1944 Tax Ct. Memo LEXIS 286; 3 T.C.M. (CCH) 374; T.C.M. (RIA) 44123; April 17, 1944
*286 Holt S. McKinney, Esq., 122 E. 42nd St., New York, N. Y., for the petitioner. Ellyne E. Strickland, Esq., for the respondent. HARRON Supplemental Memorandum Opinion HARRON, Judge: Originally, a findings of fact and opinion was promulgated in this proceeding on December 22, 1943 (2 T.C. 1189). As stated therein, the question presented was whether petitioner, as an income beneficiary of certain trusts, was taxable upon the value of the new preferred stock of the Bush Terminal Co. (hereinafter called Terminal Co.) received by the trusts during the taxable year in connection with a reorganization of the Terminal Co. under section 77 (B) of the National Bankruptcy Act. The determination of the question depended upon whether the stock eas received as part of a non-taxable exchange under section 112 (b) (3) of the Internal Revenue Code. In our original opinion, it was held that the receipt of the new preferred stock of the Terminal Co. was not the receipt of securities of a corporation a party to a reorganization within section 112 (b) (3) and that the stipulated value of the new securities was taxable gain to petitioner. The Revenue Act of 1943 was enacted *287 by Congress on February 25, 1944. On February 26, 1944 and March 1, 1944, petitioner lodged with this Court motions for reconsideration of the issue in the light of section 121 of the Revenue Act of 1943. On March 2, 1944, petitioner's motions were granted. [The Facts] For convenience, the facts will be briefly restated here. Petitioner was one of the named beneficiaries of five trusts. Each trust owned certain shares of 7 percent cumulative preferred stock of the Bush Terminal Buildings Co. (hereinafter called Buildings Co.). The dividends on this perferred stock and the payment of its par value in the event of dissolution were unconditionally guaranteed by the Terminal Co. The dividends became in arrears in 1933, and in that year the Terminal Co. was placed in the hands of receivers. On April 21, 1937, the Terminal Co. and the Buildings Co. were both reorganized under section 77(B) of the National Bankruptcy Act. In the reorganization of the Buildings Co. its preferred stockholders received new preferred stock of that company, generally similar to the old preferred stock, but having voting rights and without guarantee of dividends. In the reorganization proceedings of the *288 Terminal Co. the preferred stockholders of the Buildings Co. had filed claims in connection with the guarantee of their stock but the validity of such claims was questioned by the trustee for the Terminal Co. In the plan for the reorganization of the Terminal Co., however, it was provided that all claims of the preferred stockholders of the Buildings Co. against the Terminal Co. based upon the guaranty would be satisfied by the issuance to such stockholders of one share of new Terminal Co. 6 percent cumulative preferred stock for each five shares of Buildings Co. preferred stock. Thereupon and pursuant to the plan, the preferred stockholders of the Buildings Co. relinquished their claims against the Terminal Co. and received new preferred stock of the Terminal Co. in lieu of that company's guaranty of the Building Co.'s old preferred stock. Under these facts, it was held that each company was reorganized under its own plan and that the trusts received new preferred stock of the Terminal Co. as a general creditor of that company. It was further held that the Terminal Co. was not a party to the reorganization of the Buildings Co. and that the receipt of the new preferred stock by the *289 trusts was not part of a tax-free exchange under section 112 (b) (3) of the Code. Petitioner now contends that sections 121 (a) and (b) [1] of the Revenue Act of 1943 require a different result. Petitioner relies particularly upon section 121 (b) which, as material to this proceeding, provides that no gain or loss shall be recognized by security holders of a corporation reorganized under section 77 (B) of the National Bankruptcy Act pursuant to a plan of reorganization approved by the court whereby stock or securities of the corporation are relinquished or extinguished in consideration of the acquisition solely of stock or securities in a corporation organized or made use of to effectuate the plan of reorganization. This section, however, is inapplicable to the facts of this proceeding. Although the trusts received new stock of the Terminal Co., that stock was not received in consideration of the relinquishment or extinguishment of stock or securities of the Terminal Co. The new stock was received solely in consideration of the extinguishment of the trusts' right to enforce the contractual obligation of the Terminal Co.'s guaranty. That right, however, cannot be considered a "security" *290 within the meaning of the statute. See Le-Tulle v. Scofield, 308 U.S. 415; Helvering v. Tyng and Helvering v. Buchsbaum, 308 U.S. 527; Pinellas Ice & Cold Storage Co. v. Commissioner, 287 U.S. 462; Lloyd-Smith v. Commissioner, 116 Fed. (2d) 642; L. & E. Stirn, Inc. v. Commissioner, 107 Fed. (2d) 390; Cortland Specialty Co. v. Commissioner, 60 Fed. (2d) 937 "security" within the contemplation of the statute means permanent or semi-permanent long-term obligations. Commissioner v. Sisto Financial Corporation, 139 Fed. (2d) 253. It does not mean a contingent contractual obligation. Here, the obligation of the Terminal Co. was contingent and, in fact, was contested by the trustee for the company. Accordingly, it is held that the transaction does not come within the non-recognition of gain or loss provisions of the Code, and it is therefore necessary to determine petitioner's gain or loss on the transaction. Cf. Commissioner v. Sisto Financial Corporation, supra. *291 *292 The parties have stipulated that the fair market value of the new preferred stock of the Terminal Co. received by the trusts was $16,170 of which $3,370.42 was attributable to petitioner. In his notice of deficiency, respondent has taxed the full amount of $3,370.42 to petitioner, apparently on the theory that there was no cost basis attributable to the guaranty. At the hearing the only evidence introduced by petitioner with reference to cost basis was the cost of the old Buildings Co. preferred stock. No evidence was introduced allocating any part of that cost basis to the guaranty of the Terminal Co. Under the circumstances, respondent's determination must be sustained. No decision has been entered in this proceeding. Under the opinion promulgated on December 22, 1943, and under this supplemental memorandum opinion the income tax liability must be recomputed under Rule 50. On January 31, 1944, respondent filed his recomputation of the tax. Petitioner has not filed a recomputation of the tax and has not acquiesced in respondent's recomputation to date. Respondent's recomputation has been placed upon the day calendar of April 26, 1944, for hearing. Under separate order, that hearing *293 is continued until May 3, 1944, before which date petitioner should file his recomputation or acquiescence in respondent's recomputation. Decision will be entered under Rule 50. Footnotes
1. SEC. 121. REORGANIZATION OF CERTAIN INSOLVENT CORPORATIONS. (a) Nonrecognition of Gain or Loss on Certain Reorganizations. - Section 112 (b) (relating to recognition of gain or loss upon certain exchanges) is amended by inserting at the end thereof the following: "(10) Gain or loss not recognized on reorganization of corporations in certain receivership and bankruptcy proceedings. - No gain or loss shall be recognized if property of a corporation (other than a railroad corporation, as defined in section 77m of the National Bankruptcy Act, as amended) is transferred, in a taxable year of such corporation beginning after December 31, 1933, in pursuance of an order of the court having jurisdiction of such corporation - "(A) in a receivership, foreclosure, or similar proceeding, or "(B) in a proceeding under section 77B or Chapter X of the National Bankruptcy Act, as amended. to another corporation organized or made use of to effectuate a plan of reorganization approved by the court in such proceeding, in exchange solely for stock or securities in such other corporation." (b) Recognition of Gain or Loss of Security Holders in Connection With Certain Corporate Reorganizations. - Section 112 (relating to recognition of gain or loss) is amended by inserting at the end thereof the following: "(1) Exchanges by Security Holders in Connection With Certain Corporate Reorganizations. - "(1) General Rule. - No gain or loss shall be recognized upon an exchange consisting of the relinquishment or extinguishment of stock or securities in a corporation the plan of reorganization of which is approved by the court in a proceeding described in subsection (b) (10), in consideration of the acquisition solely of stock or securities in a corporation organized or made use of to effectuate such plan of reorganization. "(2) Exchange occurring in taxable years beginning prior to January 1, 1943. - If the exchange occurred in a taxable year of the person acquiring such stock or securities beginning prior to January 1, 1943, then, under regulations prescribed by the Commissioner with the approval of the Secretary, gain or loss shall be recognized or not recognized - "(A) to the extent that it was recognized or not recognized in the final determination of the tax of such person for such taxable year, if such tax was finally determined prior to the ninetieth day after the date of the enactment of the Revenue Act of 1943; or "(B) in cases to which subparagraph (A) is not applicable, to the extent that it would be recognized or not recognized under the latest treatment of such exchange by such person prior to December 15, 1943, in connection with his tax liability for such taxable year."↩