## PACIFIC PUBLIC SERVICE CO. v. COMMISSIONER OF INTERNAL REVENUE.

### No. 11146.

Circuit Court of Appeals, Ninth Circuit.

March 26, 1946.

Felix T. Smith, Sigvald Nielson, Granville S. Borden, and Scott C. Lambert, all of San Francisco, Cal., for petitioner.

Sewall Key, Acting Asst. Atty. Gen., and J. Louis Monarch, Lee Jackson, and Robert Koerner, Sp. Assts. to Atty. Gen., for respondent.

Before GARRECHT, HEALY and BONE, Circuit Judges.

BONE, Circuit Judge.

Here for review is a decision of the Tax Court (4 T.C. 742) [1] which determined that there was an overpayment in income tax for the year 1940 in the amount of $117.82. The proceeding was brought for a redetermination of a deficiency in petitioner's income tax for the year 1940 in the amount of $7,343.21. Petitioner claims an overpayment of tax for that year in the amount of $30,488.15. The question presented relates to the basis of securities sold by petitioner in the taxable year which had been obtained pursuant to a reorganization under Section 77B of the Bankruptcy Act, 11 U.S.C.A. § 207.

In their respective briefs, counsel for both parties indicate the scope of the issue presented to us. Petitioner states: "One issue is involved in this case. Was petitioner's unsecured note of the California Consumers Company for the face amount of $478,270 a 'security' within the meaning of

---

[1] The Decision of the Tax Court ordered and decided: "That claim for refund was filed on April 22, 1942, and that there is an overpayment in income tax for the year 1940 in the amount of $117.82, which amount was paid on December 15, 1941, and within the time provided by section 322(d) of the Internal Revenue Code, 26 U.S.C.A. Int.Rev.Code, § 322(d)."

Section 112(b) (3) of the Revenue Act of 1934 and Section 112(*l*) of the Internal Revenue Code [26 U.S.C.A. Int.Rev.Code, § 112(b) (3) (*l*)]?"

Respondent says: "In 1940 taxpayer sold shares of stock which it had obtained in 1935 in exchange for an unsecured demand note pursuant to a plan of reorganization of taxpayer's debtor under Section 77B of the Bankruptcy Act. The question is whether the taxpayer's basis for the shares of stock sold in 1940 is the same as the taxpayer's basis for the demand note. The answer to this question depends up[on] whether the demand note was a 'security' within the meaning of Section 112(b) (3) of the Revenue Act of 1934, or within the meaning of Section 112(*l*) as added to the Internal Revenue Code by Section 121(b) of the Revenue Act of 1943, and deemed to be included in the revenue laws applicable to taxable years beginning after December 31,'1931, by Section 121(e) of the Revenue Act of 1943."

The Tax Court held that the unsecured demand note exchanged for the shares of the new company was not a "security" within the meaning of either Section 112 (b) (3) of the Revenue Act of 1934, or within the provisions of Section 112(*l*) as added to the Internal Revenue Code by Section 121(b) of the Revenue Act of 1943.

We deem it unnecessary to' recite the facts before the Tax Court since the Findings and Opinion present them in sufficient detail. We here deal with the status of a demand obligation and the Second Circuit Court of Appeals appears to have uniformly followed the decision of the Supreme Court in Pinellas Ice Co. v. Com'r, 287 U.S. 462, 53 S.Ct. 257, 77 L.Ed. 428.[2]

It will be noted that the courts have also pointed out that the phrase "stock or securities" appears twice in Section 112(b) (3), once to refer to what a party turns in to a corporation being reorganized and then to refer to what a recipient takes from the reorganized company, and have stated that there is no reason for thinking that the phrase has a different meaning in the two instances. Neville Coke & Chemical Co. v. Com'r, 3 Cir., 148 F.2d 599, certiorari denied, October 8, 1945, 66 S.Ct. 32; Bedford v. Com'r, 2 Cir., 150 F.2d 341. Since the cases cited in this paragraph and in Note 2, with the exception of the Stirn case,

were decided subsequent to the decision of the Supreme Court in LeTulle v. Schofield, 308 U.S. 415, 60 S.Ct. 313, 84 L.Ed. 355, the denial of certiorari in the Neville Coke & Chemical case supports our view that those two decisions were not deemed to conflict.

No case is cited holding that demand notes are securities within the meaning of Section 112(b) or similar provisions of earlier acts. We are of the view that the Tax Court was clearly correct in holding that the unsecured demand note which taxpayer exchanged in 1935 for the stock sold in 1940 was not a "security" within the meaning of Section 112(b) (3) or Section 112(*l*), supra, and accordingly did not carry over and become the basis of the stock.

The decision of the Tax Court is affirmed.

---

[2] L. & E. Stirn, Inc. v. Com'r, 2 Cir., 107 F.2d 390; Lloyd-Smith v. Com'r, 2 Cir., 116 F.2d 642; Com'r v. Sisto F. Corp., 2 Cir., 139 F.2d 253.