## CITIZENS INSURANCE COMPANY OF AMERICA, Plaintiff–Appellant,

v.

## PROCTOR & SCHWARTZ, INC., Defendant–Appellee.

No. 93–1007.

United States Court of Appeals, Sixth Circuit.

Argued Nov. 30, 1993.

Decided Jan. 31, 1994.

Jeffrey R. Learned (argued and briefed), Denenberg, Tuffley, Bocan, Jamieson, Black, Hopkins & Ewald, Southfield, MI, Michelle F. Kitch, Denenberg, Tuffley, Bocan, Jamieson, Black, Hopkins & Ewald, Grand Rapids, MI, for plaintiff-appellant.

Lawrence P. Mulligan (argued and briefed), Lance R. Mather, Thomas P. Weibel, Smith, Haughey, Rice & Roegge, Grand Rapids, MI, for defendant-appellee.

Before: KEITH and NORRIS, Circuit Judges; and ENGEL, Senior Circuit Judge.

PER CURIAM.

This appeal arises out of a lawsuit filed by a subrogated insurance company against the manufacturer of a peanut roaster, and is the result of damage sustained when it caught fire. The fire caused substantial damage to the roaster, as well as to other property owned by plaintiff's insured, the purchaser of the roaster, and resulted in the payment of insurance benefits of $754,918.47.

The theories of recovery relied upon by plaintiff were discussed thoroughly by the district court in a published opinion granting summary judgment to defendant. *Citizens Ins. Co. v. Proctor & Schwartz, Inc.*, 802 F.Supp. 133 (W.D.Mich.1992). We write to affirm the judgment of the district court and to indicate our approval of most, but not all, of the reasoning of the district court. The district court summarized its holding as follows:

> To the extent the second amended complaint sets forth claims for breach of express warranty, they are barred by the contractual period of limitation. Claims for breach of the implied warranties of merchantability and fitness are precluded because such warranties were effectively disclaimed by defendant Proctor & Schwartz in the sales agreement. Tort claims for breach of implied warranty and negligence, to the extent they seek recovery of losses caused by fire damage to the product itself, the peanut roaster and conveyor cleaner, are barred by the economic loss doctrine. Tort claims premised upon losses caused by fire damage to property other than the product itself are precluded by defendant's contractual exclusion of liability for consequential damages.

*Citizens v. Proctor*, 802 F.Supp. at 145–46. Plaintiff appeals only the rulings on its tort claims that are summarized above.

In the course of its opinion, the district court also concluded that the economic loss doctrine did not bar plaintiff's tort claims for losses caused by fire damage to property other than the product itself, because "they are not the sort of usual commercial losses that should naturally have been within the parties' contractual contemplation and that would therefore be remediable exclusively in contract." *Id.* at 140. That ruling was not the subject of cross-appeal by defendant, nor was it raised defensively as a cross-assignment of error. *See Le Tulle v. Scofield*, 308 U.S. 415, 60 S.Ct. 313, 84 L.Ed. 355 (1940). Accordingly, we are not called upon by either of the parties to address the soundness of that ruling, and we express no view on whether that ruling was correct, in view of our agreement with the district court's hold-

ing that plaintiff's claim for those losses was precluded by the contractual exclusion of liability for consequential damages.

With the exception noted above, we adopt the reasoning of the district court and **affirm** its judgment.