**Daniel M. REPOLA; D.R. Firewood, a sole proprietorship; Irene Stevens Repola, his wife**

v.

**MORBARK INDUSTRIES, INC., a corporation of the State of Michigan; Morbark Pennsylvania, Inc., a corporation of the State of Pennsylvania,**

**Morbark Industries, Inc., Appellant.**

**Nos. 92–5172, 92–5293.**

United States Court of Appeals, Third Circuit.

Argued Nov. 2, 1992.

Decided Dec. 3, 1992.

Thomas R. O'Brien (argued), Wolff & Samson, Roseland, N.J., for appellant.

Paul E. Graham (argued), Pitney, Hardin, Kipp & Szuch, Morristown, N.J., for appellees.

Before SLOVITER, Chief Judge, STAPLETON and LAY *, Circuit Judges.

OPINION OF THE COURT

SLOVITER, Chief Judge.

Defendant Morbark Industries, Inc. has filed an interlocutory appeal certified pursuant to 28 U.S.C. § 1292(b). It challenges the district court's order requiring that it participate in a retrial of plaintiff's products liability claims despite the fact that it was found not liable by the jury at the first trial and was not a party to the appeal taken by its co-defendant.

I.

*Facts and Procedural History*

This products liability action by plaintiff Daniel Repola against defendants Morbark Industries, Inc. ("Morbark Industries") and Morbark Pennsylvania, Inc. ("Morbark Pennsylvania"), respectively the manufacturer and distributor of a wood chipping machine, was originally filed in a New Jersey state court, removed by defendants based upon diversity jurisdiction, and tried in federal court in New Jersey.

At trial, two theories of liability were submitted to the jury: (1) whether Morbark Industries and Morbark Pennsylvania were strictly liable under the New Jersey Products Liability Act (NJPLA), N.J.Stat.Ann. § 2A:58C–1 to 58C–7 (West 1987), for manufacturing and distributing a defective product; and (2) whether Morbark Pennsylvania was liable for common law negligence for its failure to provide adequate start-up instructions. In response to special interrogatories the jury found that although the machine did not contain a design defect, it was defective because of defendants' failure to provide adequate warnings, but that the defendants' failure to provide adequate warnings was not a proximate cause of the accident. These findings resulted in a verdict in favor of both defendants on the NJPLA claim. The jury also found that because Morbark Pennsylvania failed to fulfill its dealership obligation to Morbark Industries to provide

adequate start-up instructions to Repola, Morbark Pennsylvania was negligent at common law and its negligence in that regard was a proximate cause of the accident. The jury awarded Repola $747,-279.10 on the common law negligence claim, less 30% for Repola's own negligence, resulting in a verdict of $523,095.37.

Judgment was entered on the jury's verdict on December 4, 1989. Morbark Pennsylvania moved for judgment notwithstanding the verdict or, in the alternative, for a partial new trial. The district court denied the motion on February 20, 1990. Morbark Pennsylvania filed a notice of appeal, but Repola did not file a cross-appeal challenging the verdict in favor of Morbark Industries. On Morbark Pennsylvania's appeal, this court found that the common law negligence claim was improperly submitted to the jury because that claim was subsumed by the NJPLA. *Repola v. Morbark Indus., Inc.,* 934 F.2d 483 (3d Cir.1991) (*Repola I*). We held that the district court's error in submitting the negligence claim to the jury resulted in "inconsistent and utterly irreconcilable" verdicts, *id.* at 485, and therefore we reversed and remanded the case for a new trial on the NJPLA claim. *Id.* at 495.

Our opinion did not address the question whether Morbark Industries, which was not a party to the appeal, was included in the retrial order. On remand, the district court, after asking counsel to brief what issues and which parties should be part of the retrial, determined that "a retrial of all issues in light of the instructions of the Third Circuit is required." App. at 75–77. Ultimately, the district court certified its order to that effect as an interlocutory order pursuant to 28 U.S.C. § 1292(b) and this court granted Morbark Industries' petition for leave to appeal.

II.

*Discussion*

Morbark Industries contends that it cannot be compelled to participate in the retrial of Repola's claim against Morbark Penn-

---

* Honorable Donald P. Lay, Senior Judge for the Eighth Circuit, sitting by designation.

sylvania because principles of res judicata or waiver preclude the retrial of the jury's finding of no liability for Morbark Industries, and because the district court misconstrued the mandate of this court's earlier opinion ordering a new trial.[1]

Morbark Industries argues that Repola has no right to relief from the earlier judgment in Morbark Industries' favor because, as a general rule, without a cross-appeal an appellee may not "attack the decree with a view either to enlarging his own rights thereunder or lessening the rights of his adversary." *Morley Constr. Co. v. Maryland Casualty Co.*, 300 U.S. 185, 191, 57 S.Ct. 325, 328, 81 L.Ed. 593 (1937) (quoting *United States v. American Ry. Express Co.*, 265 U.S. 425, 435, 44 S.Ct. 560, 564, 68 L.Ed. 1087 (1924)); *see New Castle Cty. v. Hartford Accident & Indem. Co.*, 933 F.2d 1162, 1205 (3d Cir.1991); *Airco Indus. Gases, Inc. v. Teamsters Health & Welfare Pension Fund*, 850 F.2d 1028, 1034 (3d Cir.1988); 9 Moore's Federal Practice ¶ 204.11[3], at 4–45 (2d ed. 1992). That is, an appellee may not attempt to reverse a judgment unless review is sought "of the whole judgment or of that portion which is adverse to him." *LeTulle v. Scofield*, 308 U.S. 415, 421–22, 60 S.Ct. 313, 316, 84 L.Ed. 355 (1940). The Supreme Court has described this rule as "inveterate and certain." *Morley*, 300 U.S. at 191, 57 S.Ct. at 328.

■ The courts of appeals have differed as to whether the preclusion embodied by this rule is jurisdictional or merely a rule of practice. *Compare Young Radiator Co. v. Celotex Corp.*, 881 F.2d 1408, 1415–16 (7th Cir.1989) (jurisdictional); *Akron Center for Reproductive Health v. Slaby*, 854 F.2d 852, 869 (6th Cir.1988) (same), *rev'd on other grounds*, 497 U.S. 502, 110 S.Ct. 2972, 111 L.Ed.2d 405 (1990); *Brotherhood of Maintenance of Way Employees v. St. Johnsbury & Lamoille Cty. R.R.*, 806 F.2d 14, 15 (2d Cir.1986) (same); *Savage v.*

*Cache Valley Dairy Ass'n*, 737 F.2d 887, 888–89 (10th Cir.1984) (same) *with La Faut v. Smith*, 834 F.2d 389, 394 n. 9 (4th Cir. 1987) (rule of practice); *Freeman v. B & B Assocs.*, 790 F.2d 145, 151 (D.C.Cir.1986) (same); *Bryant v. Technical Research Co.*, 654 F.2d 1337, 1341–43 (9th Cir.1981) (same); *Hysell v. Iowa Public Serv. Co.*, 559 F.2d 468, 476–77 (8th Cir.1977) (same).

In those courts which treat the failure to file a cross-appeal as going to the jurisdiction of the court, patently the court is precluded from reversing a favorable judgment entered for the non-appealing party. Thus, in *Brotherhood of Maintenance of Way Employees v. St. Johnsbury & Lamoille Cty. R.R.*, the Court of Appeals itself on rehearing vacated that portion of its earlier decision which directed the district court to enter judgment against a party which was not before the court either by appeal or cross-appeal. 806 F.2d at 16. The court explained that the applicable rule

> does not exist primarily to punish a non-appealing party for its failure to exhaust avenues of appeal, but to allow beneficiaries of a final judgment to be secure in their rights under that judgment unless the judgment is timely challenged on appeal and the beneficiary of the judgment is given the opportunity to defend the judgment against attack. Any other result would violate the principles of finality and due process.

*Id.* This court, however, has not approached the issue in terms of jurisdiction.

Instead, in a recent decision, upon which Repola relies, this court held that the rule "is one of practice generally followed and not a restriction on the power of the courts to see that justice is done." *United States v. Tabor Court Realty Corp.*, 943 F.2d 335, 342 (3d Cir.1991), *cert. denied,* —— U.S. ——, 112 S.Ct. 1167, 117 L.Ed.2d 413 (1992). Thus, the "lack of a formal cross-appeal" will not always preclude an appeals

1. Morbark Industries also argues that the district court lacked jurisdiction to compel it to participate in the retrial because the court's order was not made within the ten day period following entry of judgment as required by Federal Rule of Civil Procedure 59. Although the district court did refer to Rule 59 in its letter opinion explaining its order, it appears that the court was citing Rule 59 as a possible source for the "general guidelines for determining when a partial new trial is appropriate," App. at 77, and not as the source of its authority to order Morbark Industries to participate in the retrial. Instead, the court acted pursuant to its construction of the mandate on remand, an issue we consider in the text.

court from considering certain issues or parties not formally participating in the appeal, especially where rendering a just judgment is impossible "without affecting the rights of parties who did not file. notices of appeal." *Id.* at 344; *see also Sochanski v. Sears, Roebuck & Co.,* 689 F.2d 45, 49 (3d Cir.1982).

Neither *Tabor Court Realty* nor *Sochanski* are determinative of the issue before us here. In *Tabor Court Realty,* Linde (the prospective purchaser of property held by a receiver) initially appealed from the district court's order invalidating its Agreement of Sale on the ground that Linde's assignment to Carrier had stifled the competitive bidding process. We reversed, generally sustaining Linde's position as to both the validity of the Agreement of Sale and the assignment. In the interim, however, Linde had entered into a conflicting assignment of the property. The district court refused to grant Carrier's motion to direct. the assignment of the Agreement of Sale to it after the remand. On appeal, Linde argued that Carrier was precluded from enforcing the assignment because it had failed to file a formal notice of appeal from the initial order. We rejected Linde's position, holding that the rights of the prospective purchaser and its assignee in the first appeal were "inextricably intertwined ... so as to make it impossible to grant relief to one party without granting. relief to the other." 943 F.2d at 344. We also noted that in the first appeal, Carrier had filed a brief in this court, that Linde, the formal appellant, had ceded argument time to Carrier, and that all parties, including the court, had assumed that Carrier's rights were being adjudicated in that appeal. *Id.* at 339.

Thus, in *Tabor Court Realty,* we held that we could not justly grant relief to the prospective purchaser without also granting relief to its assignee who was clearly intended to be the ultimate beneficiary of the first appeal and who had in fact participated in that appeal. Significantly, no one who was not a party to the original appeal was adversely affected by allowing the assignee to enforce its rights.

■ In contrast to the situation presented by *Tabor Court Realty,* nothing in *Re-*

*pola I* suggests that disposition as to the appellant Morbark Pennsylvania was inextricably intertwined with Repola's claim against Morbark Industries. The only analogy in *Repola I* to *Tabor Court Realty* was presented by our disposition of Repola's NJPLA claim against Morbark Pennsylvania. Although Repola had not filed a cross-appeal against Morbark Pennsylvania on the NJPLA claim, which the jury decided in favor of Morbark Pennsylvania, we remanded for a retrial on the NJPLA claim, explaining that "[b]ecause the NJPLA claim completely subsumes the negligence claim, ... the jury's finding *that Morbark Pennsylvania's* failure to provide adequate warning under the NJPLA was not the proximate cause of Repola's injury appears clearly. inconsistent with its finding that the negligent failure to provide start-up instructions *was* the proximate cause." *Id.* at 494 (first emphasis added). We explained that it would not be fair "to excise the jury's negligence finding" and to enter judgment for *Morbark Pennsylvania* based on the jury's verdict on the NJPLA claim because it was "impossible for us now to predict how the jury would have voted" as to Morbark Pennsylvania's liability under the NJPLA had it not been allowed to consider the common law negligence claim against Morbark Pennsylvania. *Id.* at 495 (emphasis added).

Thus, as regards Repola's claim against Morbark Pennsylvania, we overlooked the lack of a cross-appeal and explicitly ordered a retrial of the unappealed portion of the judgment in favor of Morbark Pennsylvania based on our analysis of the interrelationship between the two claims. Given the inconsistency of the verdicts, we could not.justly. provide relief to Morbark Pennsylvania with respect to the judgment, on Repola's common law claim without also affording relief to Repola with respect to the judgment on the statutory claim based on the same facts. Once again, however, we did not adversely affect the interests of anyone not a party before the court on appeal.

The situation as to Repola's claim against Morbark Industries is not comparable. First, Repola never challenged the

judgment in favor of Morbark Industries. Second, Morbark Industries did not participate in the appeal. Finally, Repola's claims against Morbark Industries were not "inextricably intertwined" with its claims against Morbark Pennsylvania; relief could fairly be granted to Morbark Pennsylvania without disturbing Morbark Industries' judgment.

We recognize that the jury may decide at retrial that the failure of Morbark Pennsylvania to provide adequate warnings did cause Repola's injury. But the mere fact that a plaintiff may wind up with a judgment against one defendant that is not logically consistent with an unappealed judgment against another[2] is not alone sufficient to justify taking away the unappealed judgment in favor of a party not before the court. The possibility of inconsistent verdicts will frequently be present where the general rule bars a party that did not appeal from an adverse judgment.

Nor does our opinion in *Sochanski* compel a different result. In *Sochanski*, plaintiff's jury verdict on his products liability claim against Sears, Roebuck & Co., the seller, and Goodyear Tire and Rubber Co., the manufacturer, was nullified by a judgment n.o.v. *See* 689 F.2d at 48. While the case was on appeal, plaintiff settled with Goodyear, received a release, and withdrew its appeal as to Goodyear. We considered the merits of the remaining dispute between plaintiff and Sears and held that the judgment n.o.v. must be reversed and the jury verdict reinstated. On remand the district court reinstated the verdict against both Sears and Goodyear, and rejected Sears' contention that Goodyear's release also discharged it from liability.

Plaintiff appealed, arguing that the judgment n.o.v. he had previously overturned on appeal remained in effect as to Goodyear and that therefore Sears was liable for the full amount of the judgment rather than a portion as a joint tortfeasor. In the second appeal, insofar as the rights between the plaintiff and Sears were concerned, we treated our prior action reversing the judgment n.o.v. as affecting both Sears and Goodyear (the non-party). That treatment, however, does not indicate that there is a general power in the court to adversely affect the interests of non-parties. While we dealt as a matter of form in *Sochanski* with the judgment against Goodyear, the effect of our holding was to protect Sears and to adversely affect Sochanski, both of whom were parties to the appeal. We explained:

The plaintiff may not destroy Sears' rights arising from an adjudication of Goodyear's liability by choosing to appeal only the judgment in favor of Sears.

When the potential liability of one defendant is dependent upon an adjudication of another defendant's liability and an error in the district court applies equally to both defendants, the court has the power to reverse as to both defendants. In these circumstances, it would be unjust to do otherwise; the plaintiff cannot insulate the error as to one defendant by withdrawing his appeal.

*Id.* at 50.

The distinctions between this case and *Sochanski* are evident. First, Repola, unlike Goodyear, had the opportunity to file a cross-appeal as to Morbark Industries, but did not do so. Second, Morbark Industries, unlike Goodyear, has not settled and is not protected from further liability on any judgment by a release. Third, in the case of Morbark Industries, unlike that of Goodyear, it cannot be said that it is "unlikely that it will be required to incur any further litigation expense by participation in further proceedings in the district court." *Id.* at 49. Finally, this is not a case in which a party that was successful on appeal is attempting to gain an advantage against an adversary in that appeal in a manner inconsistent with its prevailing argument. We therefore conclude that *Sochanski*, like *Tabor Court Realty*, neither compels nor suggests the result Repola seeks.

Furthermore, even if we were to accept Repola's position that in *Repola I* this court had the power in an appeal by

**2.** Arguably, the claims against Morbark Pennsylvania and Morbark Industries are not fatally inconsistent because, as we noted in *Repola I,* Morbark Pennsylvania's obligation to provide *oral* start-up instructions was not shared with Morbark Industries.

Morbark Pennsylvania to order that Morbark Industries participate in a retrial despite the lack of any cross-appeal by Repola, we see nothing in that case that suggests that in fact we used that power. Repola points to no such language in the opinion. We never discussed, and apparently never considered, whether Morbark Industries would be included in a retrial.

In light of the potential due process problems that would result if a party whose interests would be affected was not given notice that a subsequent appeal by another party would reopen the whole judgment, *see* 9 Moore's Federal Practice ¶ 204.11[4], at 4–55 n. 6 (2d ed. 1992), we see no reason to give such a broad reading to our opinion in *Repola I* and the sequent mandate. When an opinion is silent as to the scope of the retrial, the district court should assume as a general rule that only the issues and parties on appeal are included, especially when the nonappealing party has a favorable jury verdict that might be upset on retrial. Our order of a retrial should not be construed as including parties who were not before us unless we have actually considered that issue and made a determination thereon. Particularly in a case such as *Repola I*, where we explicitly considered whether to order a retrial of a nonappealed portion of the judgment in favor of appellant Morbark Pennsylvania, it would be anomalous to assume we intended to take the more controversial step of allowing Repola to retry his claim against Morbark Industries, a nonparty to the appeal, without even mentioning it.

Morbark Industries argues that the doctrine of res judicata is applicable and precludes retrial of the claim against it. We need not reach this. Rather, we conclude that Repola waived his right to challenge the judgment in favor of Morbark Industries by failing to cross-appeal, and that in *Repola I* we did not exercise any extraordinary power we may have had to direct retrial against Morbark Industries. We note in passing, however, the potential tension between the assumption that there is such a power and the doctrine of res judicata, which the Supreme Court has held is not subject to a "public policy" exception. *See Federated Department Stores, Inc. v.*

*Moitie,* 452 U.S. 394, 398, 101 S.Ct. 2424, 2427, 69 L.Ed.2d 103 (1981).

We conclude, therefore, that the district court erred in entering the order requiring Morbark Industries to participate in a retrial of Repola's claims.

### III.

### *Conclusion*

For the reasons set forth above, we will reverse the district court's order setting a new trial as to Morbark Industries and remand for further proceedings consistent with this opinion.