McKEE, Chief Judge,
concurring in part and dissenting in part:
I agree with the majority’s conclusion that the North Penn retirees’ Closing Agreement with Visteon precludes any relief in this action. However, for the reasons that follow, I must dissent from the majority’s conclusion that the employees represented by the UAW at the Puerto Rico plant were not entitled to reinstatement of “other post-employment benefits” (OPEB) after we decided In re Visteon, 612 F.3d 210 (3d Cir.2010) (Visteon I).[1]
I understand my colleagues’ concern for finality of judicial orders as well as the practical implications of extending the benefits of our decision in Visteon I to someone who never appealed that decision. However, the issue here is not merely whether persons who did not appeal that decision should be allowed to benefit from it. Rather, under the unique circumstances here, we must also consider whether the failure to appeal somehow cloaked Visteon with the authority to terminate benefits in a manner that directly contravenes a controlling statute that would otherwise limit Visteon’s ability to terminate employee benefits in bankruptcy.
In Visteon I, we held that Visteon could not terminate retiree benefits without first complying with the special procedures mandated by 11 U.S.C. § 1114. We stated:
We hold that § 1114 is unambiguous and clearly applies to any and all retiree benefits, including the ones at issue here. ... Accordingly, disregarding the text of that statute is tantamount to a judicial repeal of the very protections Congress intended to afford in these circumstances. We must, therefore, give effect to the statute as written.”
Visteon I, 612 F.3d at 219 (italics added). Thus, Visteon’s purported termination of employee benefits without complying with § 1114 was obviously void because that action was prohibited by the Bankruptcy Code.
My colleagues’ contrary holding allowing Visteon to terminate the benefits of employees represented by the UAW despite our ruling in Visteon I, and the unambiguous text of § 1114, effectuates the kind of judicial repeal of the protections of that statute that Visteon I sought to preclude. The result is that Visteon has now managed to terminate benefits in a manner that we have just held is absolutely contrary to federal law.
The cases the majority relies on are therefore readily distinguishable. For example, in Federated Department Stores, Inc. v. Moitie, 452 U.S. 394, 101 S.Ct. 2424, 69 L.Ed.2d 103 (1981), retail purchasers brought an action against owners of various department stores alleging vio *131 lations of the Sherman Act. The underlying appeal presented the issue of whether retail purchasers can suffer an actionable “injury” to their “business or property” under § 4 of the Clayton Act. The Court never had to decide if any party was authorized to “act” under federal law. Rather, the Court only decided whether plaintiffs could bring a lawsuit. In Ackermann v. United States, 340 U.S. 193, 71 S.Ct. 209, 95 L.Ed. 207 (1950), the party that “prevailed” did so based on a stipulation by the United States.[2]
This case is different because Visteon’s actions negate explicit procedural protections Congress intended to create as part of the bankruptcy process. We do not excuse Visteon’s omission based upon our reading of § 1114 or any other provision of the Bankruptcy Code. Nor is it based upon any suggestion that Congress intended to forgive the omission when an affected party does not seek legal redress. Rather, the only reason for excusing Visteon’s failure to comply with the Bankruptcy Code is that the UAW employees did not appeal the underlying decision of the Bankruptcy Court in Visteon I. Yet, the statutory requirements of bankruptcy proceedings remain the same, and it is clear that Visteon did not do what the law required in order to terminate benefits.
As I noted at the outset, I recognize that my view raises significant issues of finality that are not readily resolved, and I agree that my colleagues’ solution has the appeal of closure. However, I know of no theory or precedent that would empower employers to do something that Congress has prohibited merely because of concerns of finality absent something to suggest Congress intended such a result.
Accordingly, I cannot join this judgment.

. Inasmuch as I am responding to a nonpre-cedential opinion which is intended only for the parties who are familiar with the underlying law, I will not elaborate upon the facts of the cases cited in support of my position, nor engage in a detailed discussion or analysis of those cases. Rather, consistent with our customary practice in drafting nonprecedential opinions, I will only very briefly explain why I disagree with my colleagues’ analysis.

. Repola v. Morbark Industries, Inc., 980 F.2d 938 (3d Cir.1992) involved the failure to file a cross-appeal from a jury verdict. EF Operating Corp. v. American Buildings, 993 F.2d 1046 (3d Cir.1993) also involved failure to file a cross-appeal for lack of personal jurisdiction.